**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John M. Watkins, ) | No. CV 09-08059-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Yavapai County, et al., ) | |
| Defendants. ) | |

Pending before this Court are Defendant Yavapai County's Motion to Dismiss the Complaint (Doc. #8) and Motion to Strike (Doc. #13.) For the reasons that follow, the Court will grant Defendant's motion to dismiss but deny Defendant's motion to strike as moot.

**I.   BACKGROUND**

On April 6, 2009, Plaintiff commenced this action by filing a pro se complaint, naming Yavapai County and Norman Wilson as Defendants. (Doc. #1.) The one-page, three-paragraph Complaint alleges that Defendants caused "grievous harm to the plaintiffs [sic] overall welfare." (*Id.*) In response, Defendant Yavapai County filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. #8.)

**II.   LEGAL STANDARDS**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complainant must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and

"a demand for the relief sought[.]" FED. R. CIV. P. 8(a)(2)-(3). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that the purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Although all allegations of material fact are taken as true and they are construed in the light most favorable to the plaintiff, Rule 8's pleading standard requires that the complaint contain enough facts to show a "plausible entitlement to relief[.]" *Twombly*, 550 U.S. at 555. A complaint should only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Furthermore, a court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smile Care Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996); *see also Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) (reiterating that "[i]t is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . [laws] in ways that have not been alleged.").

Further, Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course[] before being served with a responsive pleading[.]" FED R. CIV. P. 15(a)(1)(A). *See also McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992) ("Before dismissing a pro se civil rights complaint, the district court must provide the litigant with notice of the deficiencies and an opportunity to amend unless it is absolutely clear the deficiencies of the complaint could not be cured by amendment.").

**III. ANALYSIS**

*A. Complaint Fails to State a Claim upon which Relief may be Granted*

Although the Court has a duty to construe pro se pleadings liberally, the complaint fails to assert both a claim upon which relief could be granted and a basis for relief. First, a complaint must allege a cause of action: this requires a legal wrong the plaintiff claims to have suffered. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alleging denial of right to minimally adequate education). Here, Plaintiff merely asserts that a "defendant has a right to a fair trial." (Doc. #1.) Plaintiff does not assert that either Defendant in this case actually

violated his right to a fair trial. Even assuming Plaintiff had alleged he was denied the right to a fair trial by the named Defendants, Plaintiff does not explain how either of the Defendants deprived him of his right to a fair trial. Moreover, a complaint must set out the basic facts and legal reasons why the plaintiff believes he is entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief") (internal quotations omitted). However, Plaintiff's blanket assertion that he has a right to a fair trial fails to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 556 n.3. Specifically, the Complaint does not allege any facts that identify the basis of Plaintiff's entitlement to relief. Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

B. *Plaintiff's Section 1983 Cause of Action is not a Cognizable Legal Theory*

Even after viewing the Complaint liberally, which this Court is required to do in cases involving pro se litigants, Plaintiff fails to state a cognizable legal theory. Although Plaintiff's argument is unclear, it appears that Plaintiff is either challenging his state court conviction, in which case this is the wrong venue; or, Plaintiff is suing for damages for a wrongful conviction. If the latter, Plaintiff is required to establish that his assault conviction was reversed. 42 U.S.C. § 1983 (2006); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action seeking, *inter alia*, punitive monetary damages, where the lawsuit challenged the legality of the conviction but the conviction or sentence had not been invalidated, was not cognizable under § 1983).[1] Therefore, even if Watkins had alleged, and

---

[1] For damages in a § 1983 cause of action, the Court must consider whether a judgment in favor of the plaintiff would necessarily invalidate the conviction. *Heck*, 512 U.S. at 487. If it would, then the plaintiff must show that the conviction has already been invalidated. *Id.* Here, Watkins' implied § 1983 cause of action would likely challenge the validity of his conviction if the perjured testimony led to his conviction because Watkins would have been deprived of the due process right to a fair trial. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959). It is the actual conviction, however, not just the use of the perjured

- 3 -

1 could prove, sufficient facts that his conviction was the result of Defendant's alleged illegal
2 conduct–which Plaintiff has failed to do–this is not a cognizable legal theory in a civil action
3 unless the conviction has been reversed.

**IV. CONCLUSION**

Because Plaintiff's Complaint does not set forth a cognizable legal theory or facts to show entitlement to relief, it fails to state a proper claim upon which relief can be granted. Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona.

Accordingly,

**IT IS ORDERED** that Defendant Yavapai County's Motion to Dismiss (Doc. #8) is **granted**.

**IT IS FURTHER ORDERED** that the Court also dismisses Plaintiff's claims against Defendant Wilson.[2]

**IT IS FURTHER ORDERED** that Defendant Yavapai County's Motion to Strike (Doc. #13) is **denied**.

**IT IS FINALLY ORDERED** that the Court shall grant leave to file an Amended Complaint **no later than 30 days** after the date of this Order. The Clerk of the Court is directed to enter a judgment of dismissal without prejudice and without further notice to

---

testimony, that creates the constitutional injury. 18 U.S.C. § 1623 (statement under oath constitutes perjury if it is false, knowingly made, and material to the proceeding). This is why Plaintiff is required to show that his conviction has been invalidated to prove this type of constitutional injury.

[2] Even though Defendant Normal Wilson did not move to dismiss, the Court is dismissing Plaintiff's claims against Defendant Wilson because Defendant Wilson is in a position similar to Defendant Yavapai County and Plaintiff's claims against both defendants are integrally related. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

Plaintiff if Plaintiff fails to file an amended complaint within 30 days from the date of this Order.

Dated this 17th day of November, 2009.

James A. Teilborg
United States District Judge