**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John M. Watkins, | No. CV 09-08059-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Yavapai County, et al., | |
| Defendants. | |

Pending before the Court is Defendant Yavapai County's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 16). For the reasons that follow, the Court grants Defendant's motion.

**I.  BACKGROUND**

On April 6, 2009, Plaintiff commenced this action by filing a pro se complaint, naming Yavapai County and Norman Wilson as Defendants. (Doc. #1.) On November 17, 2009, the Court issued an order dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) (Doc. # 14). In the Court's November 17 Order, the Court gave Plaintiff leave to file an amended complaint pursuant to Rule 15(a). On December 18, 2009, Plaintiff filed an amended complaint. Defendant Yavapai County now seeks to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) (Doc. # 16).

///

///

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complainant must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(2)-(3). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that the purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Although all allegations of material fact are taken as true and they are construed in the light most favorable to the plaintiff, Rule 8's pleading standard requires that the complaint contain enough facts to show a "plausible entitlement to relief[.]" *Twombly*, 550 U.S. at 555. A complaint should only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Furthermore, a court may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smile Care Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996). *See also Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) (reiterating that "[i]t is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . [laws] in ways that have not been alleged.").

## III. ANALYSIS

Plaintiff again appears to be seeking relief from his state court criminal conviction and sentence. Plaintiff included as attachments to his amended complaint, an "original trial transcript," "original sentencing trial transcript," "original police report," "a victims impact statement made by defendant Norman Wilson," "[a]n appeal made to the Yavapai county superior court," and "a copy of the law concerning a defendants right to a fair trial," (Doc. # 15 at p. 1.) all of which pertain to Plaintiff's state court criminal conviction and sentence. Plaintiff alleges that Defendants colluded in "an illegal action that resulted in the incarceration & conviction for the alleged crime of misdemeanor assualt." (*Id.*) Plaintiff's other allegations revolve around asserted fictitious police reports and post trial impact

statements, alleged violations of Plaintiff's civil rights, an illegal arrest, and an illegal impoundment of Plaintiff's firearms. Again, all of these allegations appear to be centered around Plaintiff's state court conviction and sentence, which Plaintiff argues were wrongfully conducted and entered. The Court addressed this very point in its November 17 Order, and again finds it applicable:

> Even after viewing the Complaint liberally, which this Court is required to do in cases involving pro se litigants, Plaintiff fails to state a cognizable legal theory. Although Plaintiff's argument is unclear, it appears that Plaintiff is either challenging his state court conviction, in which case this is the wrong venue; or, Plaintiff is suing for damages for a wrongful conviction. If the latter, Plaintiff is required to establish that his assault conviction was reversed. 42 U.S.C. § 1983 (2006); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action seeking, *inter alia*, punitive monetary damages, where the lawsuit challenged the legality of the conviction but the conviction or sentence had not been invalidated, was not cognizable under § 1983).[1] Therefore, even if Watkins had alleged, and could prove, sufficient facts that his conviction was the result of Defendant's alleged illegal conduct–which Plaintiff has failed to do–this is not a cognizable legal theory in a civil action unless the conviction has been reversed.

(Doc. # 14 at pp. 3-4.) This is not the correct forum to challenge Plaintiff's state court criminal convictions. To the extent Plaintiff is seeking damages, as discussed above, Plaintiff has failed to show, much less allege, that his state court criminal conviction and sentence have been reversed or otherwise invalidated.

Accordingly,

**IT IS ORDERED** that Defendant Yavapai County's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 16) is granted.

---

[1] For damages in a § 1983 cause of action, the Court must consider whether a judgment in favor of the plaintiff would necessarily invalidate the conviction. *Heck*, 512 U.S. at 487. If it would, then the plaintiff must show that the conviction has already been invalidated. *Id.* Here, Watkins' implied § 1983 cause of action would likely challenge the validity of his conviction if the perjured testimony led to his conviction because Watkins would have been deprived of the due process right to a fair trial. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959). It is the actual conviction, however, not just the use of the perjured testimony, that creates the constitutional injury. 18 U.S.C. § 1623 (statement under oath constitutes perjury if it is false, knowingly made, and material to the proceeding). This is why Plaintiff is required to show that his conviction has been invalidated to prove this type of constitutional injury.

**IT IS FURTHER ORDERED** that the Court also dismisses Plaintiff's claims against Defendant Wilson.[2]

**IT IS FINALLY ORDERED** that the Clerk of the Court shall dismiss this case with prejudice and enter judgment against Plaintiff and for Defendant, with Plaintiff to take nothing.

Dated this 5th day of April, 2010.

*(signature)*
James A. Teilborg
United States District Judge

---

[2] Defendant Norman Wilson has not moved to dismiss Plaintiff's amended complaint. However, the Court is dismissing Plaintiff's claims against Defendant Wilson because Defendant Wilson is in a position similar to Defendant Yavapai County and Plaintiff's claims against both defendants are integrally related. *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").